O

# United States District Court
# Central District of California

| | |
|---|---|
| BLANCA ALVILLAR MAMLOUK,<br><br>Plaintiff,<br><br>v.<br><br>SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC.<br><br>Defendant. | Case №. 5:19-cv-00613-ODW (SHKx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [24]** |

## I. INTRODUCTION

Before the Court is Defendant's Motion for Judgment on the Pleadings ("Motion"). (ECF No. 24.) On February 21, 2019, Plaintiff Blanca Alvillar Mamlouk initiated this action against Defendant Schneider Logistics Transloading and Distribution, Inc in San Bernardino County Superior Court. (Notice of Removal, Ex. A, ECF No. 1.) Schneider, erroneously sued as Schneider Logistics Transload, removed this case to federal court on April 5, 2019. (Notice of Removal, ECF No. 1.) On June 13, 2019, Mamlouk filed its first amended complaint ("FAC"). (First Am. Compl. ("FAC"), ECF No. 17.) On November 11, 2019, Schneider filed a Motion for Judgment

on the Pleadings, which the parties have fully briefed. (ECF Nos. 24–26.) For the following reasons, Schneider's Motion is **GRANTED**.[1]

## II. REQUESTS FOR JUDICIAL NOTICE

Schneider requests the Court take judicial notice of various documents. (*See* Schneider's Req. for Judicial Notice ("RJN"), ECF No. 24; *see also* Schneider's Supplemental Request for Judicial Notice, ECF No. 26.) Schneider requests the Court take judicial notice of documents from Mamlouk's bankruptcy case's docket, attached as Exhibits A, B, C, D, E, F, G to Schneider's Motion. (Mot. Ex. A–G ("Bankruptcy Docs."), ECF No. 24.) Additionally, Schneider requests the Court take judicial notice of Mamlouk's complaint with the California Department of Fair Employment and Housing ("DFEH") and documents related to Mamlouk's workers' compensation claims. (Mot. Ex. H ("FEHA Compl."); Reply Ex. I–L ("WC Docs"), ECF No. 26.)

The Court may take judicial notice of "fact[s] . . . not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Court may take judicial notice of "matters of public record" that are not "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Schneider's requests are unopposed. However, Mamlouk's workers' compensation documents are not pertinent to the Court's disposition of this matter and, thus that request is **DENIED**.

The documents from Mamlouk's Bankruptcy Documents and FEHA Complaint, are publicly available, readily verifiable, and are not subject to reasonable dispute, thus, Schneider's RJN for these documents is **GRANTED**.

## III. FACTUAL BACKGROUND

Mamlouk began her employment with Schneider on November 23, 2006 and worked both administrative and warehouse jobs. (Opp'n 3, ECF No. 25.) Mamlouk

---

[1] After carefully considering the papers filed in support of, and against, the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

2

worked as a warehouse associate from 2013 until her termination in 2017. (Opp'n 3.) While in this role, Mamlouk reported an injury to her right thumb and hand that included a ruptured tendon and was subsequently placed on medical leave from January 16, 2015 to May 18, 2015. (Opp'n 3.) When Mamlouk returned to work, she resumed her regular position without medical workplace restrictions. (Opp'n 3.) The following year, Mamlouk sought and took eight-weeks of family medical leave starting October 2, 2016 to November 26, 2016. (Opp'n 3.) Mamlouk's leave was extended to December 1, 2016, but Schneider determined that Mamlouk was unable to perform the essential functions of her job and began a reassignment process. (Opp'n 3–4.) During this process, Mamlouk was placed on unpaid leave through February 2, 2017 as a "temporary accommodation." (Opp'n 4.)

While on medical leave, on November 26, 2016, Mamlouk and her spouse filed a Voluntary Chapter 7 Petition in bankruptcy court. (Opp'n 5.) On the petition, Mamlouk listed workers' compensation claims and stated she did not have other claims—contingent, unliquidated, or counterclaims—against third parties. (Mot. 3; Opp'n 5.)

Thereafter, Mamlouk applied for positions but was unable to secure another employment position with Schneider. (Opp'n 5.) As a result, Schneider terminated Mamlouk's employment on March 2, 2017. (Opp'n 6.) After her employment termination, the bankruptcy court discharged Mamlouk's debt on May 8, 2017 and terminated her bankruptcy case on December 11, 2017. (Mot. 4, Ex. D, Ex. G; Opp'n 6.) Throughout the pendency of the bankruptcy proceedings, Mamlouk did not amend her schedules or disclosures to declare any pending, known, or suspected claims—other than the workers' compensation claims—against Schneider. (Mot. 4; Ex. A ("BK Petition"); Ex. G ("BK Docket").)

Months after her bankruptcy case closed, Mamlouk filed a FEHA complaint in which she alleged Schneider engaged in discriminatory and retaliatory conduct on or about March 2, 2017. (Mot. 4, FEHA Compl.) Nearly a year after that, on February 21, 2019, Mamlouk filed this action in San Bernardino County Superior Court. (Mot.

2.) The case was removed to this Court, and Mamlouk filed a FAC. (Mot. 2.) Because the causes of action asserted in the FAC are premised on the series of events that transpired between November 14, 2016 and March 2, 2017, Schneider moves for a judgment on the pleadings. (Mot. 2.)

## IV. LEGAL STANDARD

After the pleadings are closed, but within such time as to not delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ P. 12(c). The standard applied to a Rule 12(c) motion is essentially the same as that applied to Rule 12(b)(6) motions; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).") (citations omitted); *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005).

When ruling on a motion for judgment on the pleadings, a court should construe the facts in the complaint in the light most favorable to the plaintiff, and the movant must clearly establish that no material issue of fact remains to be resolved. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). However, "conclusory allegations without more are insufficient to defeat a motion [for judgment on the pleadings]." *Id.* If judgment on the pleadings is appropriate, a court has discretion to grant the non-moving party leave to amend, grant dismissal, or enter a judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004).

## V. DISCUSSION

Mamlouk alleges seven cause of actions all premised on Defendant's alleged conduct that occurred between November 14, 2016 and March 2, 2017. (FAC ¶¶ 15—58.) Schneider asserts that judicial estoppel bars Mamlouk from bringing these claims because she failed to list them in her bankruptcy petition and did not amend her

disclosure statements or schedules during the pendency of the bankruptcy proceedings. (Mot. 6–7.) On that basis, Schneider moves for a judgment on the pleadings.

The Supreme Court outlined factors a court may consider in its determination of whether the doctrine of judicial estoppel applies.[2] However, the factual scenario here is not unique to Mamlouk, and binding precedent makes it clear that the Court need not engage in that analysis. The Ninth Circuit clearly established that "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) (citing *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir.1992)).

The bankruptcy code imposes a duty of disclosure on debtors that obligates them to amend disclosure statements and schedules to provide requisite notice to creditors and the bankruptcy court. *See id.* at 784. Thus, a debtor who fails to disclose a pending claim as an asset in a bankruptcy proceeding that discharges debt is estopped from pursuing that claim in a subsequent proceeding. *Id.*

Here, Mamlouk concedes that her causes of action against Schneider arose at the time of her termination on March 2, 2017 but denies being aware of them at the time she filed her bankruptcy petition.[3] (Opp'n 14, 17.) Contrary to Mamlouk's assertions, a debtor's duty to disclose potential claims as assets does not end when the debtor files

---

[2] The United States Supreme Court identified a few, non-exhaustive, factors for courts to consider in their judicial estoppel analysis: (1) a party's later position is clearly inconsistent with its earlier position; (2) whether the party succeeded in persuading a court to accept the first position; (3) whether the party seeking to assert the inconsistent position would derive an unfair advantage. *See New Hampshire v. Maine*, 532 U.S. 749, 752 (2001).

[3] Mamlouk's own record reflects her knowledge of the possibility of termination if she was unsuccessful in her job search with Schneider. Though not dispositive to the Court's handling of this matter, it is worth noting that attached as Exhibit D to Mamlouk's Opposition is the November 15, 2016 letter informing Mamlouk about reassignment. (Opp'n, Ex. D.) It unequivocally states that Mamlouk would be terminated if her job search was unsuccessful. (*Id.*)

for bankruptcy, but instead continues for the duration of the bankruptcy proceeding. *See Hamilton*, 270 F.3d at 785.

Mamlouk attempts to distinguish her circumstances from relevant caselaw and argues that in other cases judicial estoppel barred plaintiffs who were actively pursuing their claims prior to filing their bankruptcy petitions. (Opp'n 15.) She further argues that at the time she filed her bankruptcy petition, she was employed and attempting to return to work with Schneider, so filing a claim or lawsuit prior to her termination would have been premature. (Opp'n 15–17.)

That argument is not persuasive. The duty on the debtor simply requires them to list any *potential* claims as contingent assets. *See Hamilton*, 270 F.3d at 784. Here, it is undisputed that by March 2, 2017 she was aware of the claim against Schneider. (*See* FEHA Compl. at 2.) Despite knowing this, Mamlouk did not amend her disclosures statements to list the claim during the pendency of the bankruptcy proceeding. (*See* BK Petition; BK Docket.) Her duty to disclose did not end at the time of the bankruptcy filing but continued until the termination of the bankruptcy case, which was *after* Mamlouk's causes of action arose. *See Hamilton*, 270 F.3d at 785.

Schneider argues that the bankruptcy court discharged Mamlouk's debts and terminated her bankruptcy proceedings based on Mamlouk's representations, namely not listing the claims against Schneider as contingent assets. (Mot. 1, 7.) Therefore, the doctrine of judicial estoppel bars Mamlouk from taking a contrary position and asserting her claims against Schneider now. *See Hamilton*, 270 F.3d at 783.

Accordingly, because Mamlouk's claims against Schneider arose prior to the termination of her bankruptcy proceedings, judicial estoppel bars Mamlouk from now pursuing those claims. Schneider's Motion is **GRANTED**.

A. **Leave to Amend**

Generally, a court should liberally allow a party leave to amend its pleading. *See* Fed. R. Civ. P. 15(a); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("A district court shall grant leave to amend freely when justice so

requires," and "this policy is to be applied with extreme liberality.") However, the Court may deny leave to amend where amendment would be futile. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). "When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (affirming the trial court's denial of leave to amend where plaintiffs could not cure a basic flaw—inability to demonstrate standing—in their pleading).

Here, Mamlouk's own concession that her causes of action arose prior to the termination of her bankruptcy proceedings permits the application of judicial estoppel. Amendment will not cure Mamlouk's legally deficient pleading because she did not adhere to the duty of disclosure imposed on her during the pendency of her bankruptcy proceedings. *See Hamilton*, 270 F.3d at 784. Accordingly, amendment is futile and leave to amend is inappropriate. *Chaset*, 300 F.3d at 1088.

## VI. CONCLUSION

For the foregoing reasons, Schneider's Motion for Judgment on the Pleadings is **GRANTED** without leave to amend. (ECF No. 24.) Judgment shall issue concurrently with this order.

**IT IS SO ORDERED.**

March 16, 2020

_____
 OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE